UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION AT TOLEDO

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GOE LIMA, LLC, | ) | Judge Whipple |
| | ) | |
| Debtor. | ) | Case No. 08-35508 (MAW) |

### DEBTOR'S FIRST OMNIBUS MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 363 AND 365(A) APPROVING THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

GOE Lima, LLC, as debtor and debtor in possession (the "Debtor"), pursuant to Bankruptcy Code sections 363 and 365 and Bankruptcy Rule 6006, moves this Court for entry of an order authorizing the Debtor to assume and assign to PEA Lima LLC the ("Purchaser"), those certain unexpired leases and executory contracts listed on Exhibit "A" attached hereto (collectively, the "Assigned Contracts"). In support of its Motion, the Debtor respectfully represents as follows:

### Summary of Relief Requested

1. Pursuant to the Court's Order entered on February 18, 2009 (Doc. No. 360)(the "Sale Order"), the Debtor was given authority to, among other things, sell its Assets[1] to Paladin Ethanol Acquisition, LLC ("Paladin") pursuant to the terms and conditions set forth in the Purchase Agreement. The Purchase Agreement authorized Paladin or its designee, to acquire the Assets, including the Assigned Contracts. The Sale Order provided that Paladin reserved the right to seek to have certain designated unexpired leases and executory contracts assumed and assigned to it after entry of the Sale Order. Paladin has now requested that the Debtor seek to have the Assigned Contracts assumed and assigned to Purchaser. Parties should review Exhibit A, attached to this

---

[1] Capitalized terms, not otherwise defined herein, shall have the meanings ascribed to them in the Sale Order.

11369841.1

Motion to determine if their unexpired lease or executory contract is included in this Motion for assumption and assignment to the Purchaser.

### Background

2. On October 14, 2008 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Court has jurisdiction over this mater pursuant to 28 U.S.C. §§157 and 1334. this is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this case and this matter is proper pursuant to 28 U.S.C. §§1408 and 1409.

### Relief Requested

5. By this Motion, the Debtor requests that the Court enter an order pursuant to, without limitation, Sections 363 and 365(a) of the Bankruptcy Code, (i) authorizing the Debtor's assumption and assignment to the Purchaser, of the Assigned Contracts, and (ii) fixing the cure costs, if any, to be paid by the Purchaser to the parties to the Assigned Contracts in the amounts set forth on Exhibit "A" in full and complete satisfaction of any claims of the parties to such Assigned Contracts against the Debtor or its estate. The Debtor may identify additional unexpired leases and executory contracts that it determines should be assumed or rejected other than those in this Motion. The Debtor reserves its rights to seek to assume, assume and assign and/or reject additional unexpired leases and executory contracts in the future, and this Motion should not be construed as a determination that any contracts not listed herein are to be assumed or rejected.

-2-
11369841.1

08-35508-maw    Doc 424    FILED 03/27/09    ENTERED 03/27/09 17:51:04    Page 2 of 11

## Legal Arguments In Support of Requested Relief

### A. The Proposed Assumption and Assignment of Executory Contracts Is Within the Sound Business Judgment of the Debtor.

6. A debtor in possession may assume and assign an unexpired lease or other executory contract where such assumption and assignment is a reasonable exercise of its business judgment. *See* 11 U.S.C. § 365(a); *Allied Technology, Inc. v. R.B. Brunemann & Sons, Inc.*, 25 B.R. 484 (Bankr. S.D. Ohio 1982); *see also In re Extraction Techs.*, 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); *In re Richmond Metal Finishers*, 756 F.2d 1043, 1046-47 (4th Cir. 1985). This requirement is satisfied where a debtor in possession determines in good faith that assumption and assignment of the executory contract will benefit the estate. *See In re Gucci*, 193 B.R. 411, 414-15 (S.D.N.Y. 1996).

7. Courts generally show great deference to a debtor in possession's decisions when applying the business judgment standard. *See In re Global Crossing, Ltd.*, 295 B.R. 726, 744 n.58 (Bankr. S.D.N.Y. 2003) ("[T]he Court does not believe that it is appropriate for a bankruptcy court to substitute its own business judgment for that of the [d]ebtors and their advisors, so long as they have satisfied the requirements articulated in the caselaw."). Deference is inappropriate only if such business judgment is "so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice." *Richmond Metal Finishers*, 756 F.2d at 1047.

8. The proposed assumption and assignment of the Assigned Contracts as contemplated herein is justified by the circumstances of the Debtor's Chapter 11 case. The Sale Order and Purchase Agreement contemplate assigning such contracts and leases to the Purchaser in order to generate cash proceeds for the benefit of the Debtor's estate and creditors as part of the sale. *See* 11 U.S.C. 365(d)(3); *In re TreeSource Indus.*, 363 F.3d 994, 997 (9th Cir. 2004).

9. Further, by complying with the Purchaser's request that the Debtor seek to assume and assign the Assigned Contracts, the Debtor will be relieved of the obligation to make further payments associated with such contracts and/or rejection damage claims in the event such contracts were ultimately rejected. Pursuant to the Purchase Agreement, the Purchaser is responsible for the cure costs associated with the assumption and assignment of the Assigned Contracts. *See,* ¶¶4 and 8 of the Purchase Agreement. As a result, the parties to such Assigned Contracts will be deemed to have released their claims, including any proofs of claim against the Debtor's estate upon payment of the cure amounts due as set forth in Exhibit A.

10. In sum, the proposed assumption and assignment of the Assigned Contracts contemplated herein reflects a sound business purpose and are a valid exercise of the Debtor's business judgment.

**B.    All Defaults Under Any Assumed Executory Contracts Will be Cured And Parties Will Receive Adequate Assurances of Future Performance.**

11. A debtor may assume and assign an executory contract where the debtor has cured all existing defaults under that executory contract. *See* 11 U.S.C. § 365(b)(1), (f)(2); *see In re Shangra-La. Inc.*, 167 F.3d 843, 849 (4th Cir. 1999). In addition, a debtor in possession must provide adequate assurance of future performance under the assumed unexpired lease or executory contract. *See* 11 U.S.C. § 365(b)(1), (f)(2); *In re Washington Capital Aviation & Leasing*, 156 B.R. 167, 172 (Bankr. E.D. Va. 1993). The requirements of "adequate assurance" depend on the facts and circumstances of each case. *See, e.g., In re Martin Paint Stores*, 199 B.R. 258, 263 (Bankr. S.D.N.Y. 1996).

12. In the present case, as previously stated, in connection with the assumption and assignment of executory contracts and unexpired leases, the Purchaser is required to pay the cure costs, if any, associated with such contracts. With respect to adequate assurances of future

performance, Paladin, which designated the Purchaser to take title to the assets, previously provided a $500,000 deposit for the Assets and paid the balance of the purchase price pursuant to the Purchase Agreement at closing. In addition, the Purchaser is owned by several private equity funds, Paladin III, L.P. and its affiliated funds, all managed by Paladin Capital Group (collectivity, "Paladin III"). Paladin III has access to capital that is more than sufficient to fund the cure payments for the subject agreement. Paladin III was organized in 2007 and has institutional investor commitments of greater than $340 million, approximately 75% of which are unfunded. Investor commitments in Paladin III are from some of the largest and most stable sources of capital in the US, such as New York City Pension Funds and the California Public Employees' Retirement System. The funds committed to Paladin III are available to be called at any time and can be deployed no later than 30 days of being called

13. Pursuant to paragraph 21 of the Sale Order, if a party to one of the executory contracts or unexpired leases to be assumed and assigned files an objection to the proposed assumption and assignment which is not resolved consensually by the parties, the Purchaser will demonstrate at a hearing on such objection that any proposed transfers consummated through the assumption and assignment of Assigned Contracts as contemplated herein will satisfy the requirements of section 365(b) and (f). Further, as set forth in the Sale Order and Purchase Agreement, the Purchaser will cure the defaults and provide assurances to satisfy the standards set forth in the Bankruptcy Code for the Assigned Contracts. *See Ames*, 287 B.R. at 115-16; *In re CilycoGenesys, Inc.*, 352 B.R. 568, 578 (Bankr. D. Mass. 2006).

14. Accordingly, the Debtor believes that the requirements of Section 365 for assumption and assignment of the Assigned Contracts have been or will be satisfied, permitting assumption and assignment of such contracts.

11369841.1

## Memorandum of Law

15. This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtor respectfully requests that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(a) that a separate memorandum of law be submitted.

## Notice

16. No trustee or examiner has been appointed in this chapter 11 case. Notice of this Motion has been provided to: (a) the U.S. Trustee; (b) the creditors holding the twenty (20) largest unsecured claims against the Debtor's estate, as identified in the Debtor's chapter 11 petition; (c) counsel to the DIP Agent; (d) counsel to the Prepetition Senior Agent and DIP lenders; (e) counsel to the Prepetition Junior Lenders; (e) counsel to the Purchaser, (f) the parties to the Assigned Contracts, (g) counsel to the Official Committee of Unsecured Creditors; (h) all other known parties with liens of record on assets of the Debtor as of the Petition Date; (i) the local office for the Internal Revenue Service; and (j) all other parties required to receive notice pursuant to Bankruptcy Rules 2002, 4001, or 9014 or requesting to receive notice prior to the date hereof. The Debtor submits that no other or further notice need be provided.

## No Prior Request

17. No prior request for the relief sought in this Motion has been made to this or any other court in connection with this chapter 11 case.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (a) authorizing the Debtor's assumption and assignment to the Purchaser, of the Assigned Contracts, and (b) fixing the cure costs, if any, to be paid by the Purchaser to the parties to the Assigned Contracts in the amounts set forth on Exhibit "A" in full and complete satisfaction of any claims of the parties to such Assigned Contracts against the Debtor or its estate, and (c) granting such

-6-

11369841.1

08-35508-maw    Doc 424    FILED 03/27/09    ENTERED 03/27/09 17:51:04    Page 6 of 11

other and further relief as the Court may deem proper.

Dated: March 27, 2009

            Respectfully submitted,

            **TAFT STETTINIUS & HOLLISTER LLP**

            By: */s/ Timothy J. Hurley*
              Timothy J. Hurley (0006458) (*pro hac vice*)
              W. Timothy Miller (0059952)
              Paige Leigh Ellerman (0071561)
              Richard L. Ferrell (0063176)
              425 Walnut Street, Suite 1800
              Cincinnati, OH  45202
              (513) 381-2838 (Telephone)
              (513) 381-0205 (Facsimile)
              hurley@taftlaw.com
              **ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing has been furnished by the United States Bankruptcy Court's electronic transmission service and/or by electronic mail and/or by Federal Express and/ or U.S. Mail, overnight, postage prepaid to all persons listed below at the addresses indicated on this 27th day of March, 2009.

                */s/ Timothy J. Hurley*

Indiana and Ohio Railway Company
497 Circle Freeway Drive, Suite 230
Cincinnati, Ohio 45246

City of Lima
50 Town Square
Lima, Ohio 45801

Greater Ohio Ethanol LLC
2485 Houx Parkway
Lima, Ohio 45804

Alberici Constructors, Inc.
P.O. Box 795032
St. Louis, MO 63179
Fax: (314) 733-2001

Elizabeth Alphin, Esq.
Mapother & Mapother PSC
801 West Jefferson Street
Louisville, KY 40202
loubknotices@mapother-atty.com
*Counsel for DCFS USA LLC*

American Electric Power
P.O. Box 24401
Canton, OH 44701-4401
Fax: (614) 716-1560

Sarah R. Borders
King & Spalding LLP
1180 Peachtree Street, 29th Floor
Atlanta, GA 30309
sborders@kslaw.com
*Co-counsel for SunTrust Bank*

Brand Energy & Infrastructure Services
Attention: Mario Pratts, Credit Manager
1830 Jasmine
Pasadena, TX 77503
mario.pratts@beis.com

Jeremy M. Campana, Esq.
Thompson Hine LLP
3900 Key Tower
127 Public Square
Cleveland, OH 44114
Jeremy.Campana@ThompsonHine.com
*Counsel for Caterpillar Financial Services*

James S. Carr, Esq.
Jason R. Adams, Esq.
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY 10178
KDWBankruptcyDepartment@kelleydrye.com
jcarr@kelleydrye.com
jadams@kelleydrye.com
*Counsel for BP Products North America, Inc. and BP Canada Energy Marketing Corp.*

Center Line Electric
26554 Lawrence
Center Line, MI 48015
Fax: (586) 759-2453

David J. Coyle, Esq.
Shumaker Loop & Kendrick LLP
North Courthouse Square
1000 Jackson Street
Toledo, Ohio 43604-5573
dcoyle@slk-law.com
*Counsel for Smith-Boughan, Inc.*

De Lage Landen Financial Services
1111 Old Eagle School Road
Wayne, PA 19087-1453
Fax: (610) 386-5840

Steven L. Diller, Esq.
124 Main Street
Van Wert, OH 45891
dillerlaw@roadrunner.com
*Counsel for Nedra Corporation*

Eagle Constr. & Envir. Services
P.O. Box 872
Eastland, TX 76448-0872
Fax: (254) 629-8625

FGDI

19901 N. Dixie Highway, Suite B  
Bowling Green, OH 43402  
Fax: (419) 352-6710

Farmers Commission Co.  
520 W. Wyandot Avenue  
P.O. Box 59  
Upper Sandusky, OH 43351  
Fax: (419) 294-6348

First Capital Leasing  
P. O. Box 309  
Frankfort, KY 40602-0309

Patricia B. Fugee, Esq.  
Roetzel & Andress  
One SeaGate, Suite 1700  
Toledo, OH 43604  
pfugee@ralaw.com  
*Co-Counsel for SunTrust Bank*

Anthony L. Geiger, Esq.  
Tammi K. Hursh, Esq.  
209 N. Main Street, 6th Floor  
Lima, OH 45801  
tony.geiger@cityhall.lima.oh.us  
tammie.hursh@cityhall.lima.oh.us  
*Co-Counsel for City of Lima, Ohio*

Maria D. Giannirakis, Esq.  
Kenneth M. Goodman, Esq.  
Office of the United States Trustee  
441 H.M. U.S. Courthouse  
201 Superior Avenue  
Cleveland, OH 44114  
maria.d.giannirakis@usdoj.gov

Ronald E. Gold, Esq.  
Beth A. Buchanan, Esq.  
Frost Brown Todd LLC  
2200 PNC Center  
201 E. Fifth Street  
Cincinnati, Ohio 45202-4182  
rgold@fbtlaw.com  
bbuchanan@fbtlaw.com

*Counsel for Official Committee of Unsecured Creditors*

Golden Giant, Inc.  
13300 S. Vision Dr.  
Kenton, OH 43326-0389  
Fax: (419) 673-1384

Jeffrey J. Harmon, Esq.  
Cors & Bassett, LLC  
537 E. Pete Rose Way, Suite 400  
Cincinnati, Ohio 45202  
jjh@corsbasset.com  
*Counsel for Process Plus LLC*

Benjamin Z. Heywood, Esq.  
Lyden Liebenthal & Chappell, Ltd.  
5470 Main Street, #300  
Sylvania, OH 43560  
bzh@lydenlaw.com  
*Counsel for Interested Party, Daniel Vining*

Vaughn A. Hoblet, Esq.  
Marshall & Melhorn LLC  
Four SeaGate, Eighth Floor  
Toledo, OH 43604  
hoblet@marshall-melhorn.com  
*Counsel for Dunbar Mechanical, Inc.*

Industrial Boiler & Mechanical  
P.O. Box 5100  
3325 N. Hawthorne Street  
Chattanooga, TN 37406  
Fax: (423) 629-5333

Internal Revenue Service  
1240 East Ninth Street, Room 457  
Cleveland, OH 44199  
Fax: (216) 522-2066

William G. Kendall, Esq.  
212 N. Elizabeth Street, Suite 410  
Lima, OH 45801-4374  
Fax: (419) 229-1840  
*Counsel for Lippincott Plumbing-Heating & Air Conditioning, Inc dba Ace Electric*

Alan Howard Klodell, Esq.
Ohio Attorney General's Office
Transportation Section
150 E. Gay Street, 22nd Floor
Columbus, OH 43215
aklodell@ag.state.oh.us
*Counsel for Ohio Rail Development Commission*

Angelina E. Lim
Johnson, Pope, Bokor, Ruppel & Burns, LLP
Post Office Box 1368
Clearwater, Florida 33757
angelinal@jpfirm.com
*Counsel for Benchmark Design USA, Inc.*

Matthew L. Matheney, Esq.
John F. Kostelnik, Esq.
Frantz Ward LLP
2500 Key Center
127 Public Square
Cleveland, OH 44114-1230
mmatheney@frantzward.com
jkostelnik@frantzward.com
*Counsel for GEM Industrial, Inc.*

Novozymes North America
P.O. Box 7247-7554
Philadelphia, PA 19170
Fax: (919) 494-3421

Cornelius J. O'Brien, Esq.
Eckert Seamans Cherin & Mellott LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
cobrien@eckertseamans.com
*Counsel for Gortech Global Fabrication*

Ottawa Oil Co.
P.O. Box 346
Ottawa, OH 45875
Fax: (419) 523-5568

Dennis M. Ostrowski, Esq.
Mapother & Mapother, PSC
801 West Jefferson Street
Louisville, KY 40202
loubknotices@mapother-atty.com
*Counsel for DCFS USA LLC and for Daimler Chrysler Financial Serv Amer LLC*

Pump Pros
7601 Innovation Way
Mason, OH 45040
Fax: (513) 860-9775

R. D. Jones Excavating, Inc.
10225 Alger Road
Harrod, OH 45850
Fax: (419) 648-6948

Rex Louisiana, Inc.
2875 Needmore Road
Dayton, OH 45414
Fax: (937) 276-8643

Edward L. Ripley, Esq.
King & Spalding, LLP
1100 Louisiana, Suite 4000
Houston, TX 77002
eripley@kslaw.com
*Co-Counsel for SunTrust Bank*

H. Buswell Roberts, Esq.
Shumaker Loop & Kendrick LLP
1000 Jackson Street
Toledo, OH 43604-5573
broberts@slk-law.com
*Co-Counsel for City of Lima, Ohio*

Bruce C. Silvers, Esq.
Kate K. Simon, Esq.
Anna M. Boelitz, Esq.
Bingham & McCutchen LLP
One State Street
Hartford, CT 06103-3178
bruce.silvers@bingham.com
anna.boelitz@bingham.com
kate.simon@bingham.com
DNeumann@BFCA.COM

Staff Masters of Jacksonville
1840 Southside Blvd.
Suite 1A
Jacksonville, FL 32216
staffmasters@lbu.com

| |
|---|
| Sunbelt Rentals<br>2341 Deerfield Drive<br>Fort Mill, SC 29715 |
| |
| Sunbelt Rentals<br>1275 W. Mound Street<br>Columbus, OH 43223<br>Fax: (614) 341-9779 |

Richard A. Sundquist, Esq.
Clark Hill PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226-3435
rsundquist@clarkhill.com
*Counsel for PVS-Nolwood Chemicals, Inc.*

Joseph R. Torda, Esq.
Cynthia G. Tesznar
Barkan & Robon Ltd.
1701 Woodlands Drive
Toledo, OH 43637
cgt.bar-rob@buckeye-express.com
*Counsel for SSOE, Inc. Architects*

Mark A. Van Dyne
Baran, Piper, Tarkowsky,
Fitzgerald & Theis Co., LPA
121 W. High Street, 9th Floor
P. O. Box 568
Lima, OH 45802-0568
lima@baranlaw.com
*Counsel for Jeffers Crane Service, Inc.*