**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: February 15 2011

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 08-35508 |
| | ) | |
| GOE Lima, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER GRANTING FOURTH INTERIM AND FINAL APPLICATION OF TAFT, STETTINIUS & HOLLISTER LLP, COUNSEL TO THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

The court held a hearing on the Fourth Interim and Final Application of Taft, Stettinius & Hollister LLP ("Applicant"), as Counsel for the Debtor and Debtor in Possession for Allowance of Compensation and Reimbursement of Expenses ("the Application")[Doc. # 810]. The Application was filed on October 21, 2010. Notice of the Application, the relief requested in the Application, the objection deadline on the Application and the hearing date on the Application was duly and properly given by electronic means and by first class mail to those creditors and parties requesting and otherwise entitled to notice. [Doc. ## 814, 836, 837, 862, 863]. A timely objection to the Application was filed by Jack Chapman and Cora Ann Chapman. [Doc. #860]. A representative of Applicant appeared by telephone at the hearing. The Chapmans did not appear at the hearing.

The Final Application requests (1) allowance of attorneys' fees ($109,640.50) and reimbursement of expenses ($7,788.06) for services rendered during the fourth interim time period from March 1, 2010

though September 16, 2010, in the total aggregate amount of $117,428.56; (2) final approval and allowance of all fees ($1,222,272.00) and expenses ($31,584.60) for all services rendered and expenses incurred on behalf of the Debtor and Debtor in Possession during the case in the total aggregate amount of $1,253,856.60; and (3) authorization for payment of that portion of the fees approved that have not already been paid on an interim basis ($223,534.90 in fees from the third and fourth interim application periods and $500.57 in expenses from the fourth interim application period).

The Chapmans' objection is familiar and understandable to the court. They now have no prospect of recovery through this case and have lost their money, yet at the same time they see lawyers and other professionals getting paid, quite literally, a million dollars with the approval of the court. From their viewpoint, this entire proceeding probably looks to have been run only for the benefit of the lawyers and other professionals. While the court sympathizes with the Chapmans, and is always concerned about preventing exactly that outcome, the issue they raise is addressed and resolved by the statutory payment priorities that Congress has established in the Bankruptcy Code. The Bankruptcy Code expressly allows the sometimes considerable expenses of administering a bankruptcy case, 11 U.S.C. § 503(b), like and including lawyers' fees, financial advisers' fees, and accountants' fees, 11 U.S.C. § 330, to be paid ahead of unsecured pre-bankruptcy creditors and investors, *see* 11 U.S.C. § 1129(a)(9), and on an interim basis while the case goes on, 11 U.S.C. § 331, before creditors get paid, if at all. The policy purpose of this statutory priority for payment of fees and expenses ahead of creditors is to encourage qualified professionals to work on bankruptcy matters to preserve assets for the benefit of and at a least a meaningful possibility of recovery for creditors and investors. Without such a priority, realistically there would be no commercial bankruptcy system and the real legal possibilities it offers to various dueling constituencies at the outset of every bankruptcy case. After presiding over this case since its inception, the court obviously cannot say that it ultimately helped the Chapmans. But it can say that it is also extremely unlikely that they would have received any recovery had there not been a bankruptcy case and its attendant fees in the first instance. So while they have not been made better off by those fees, they likely have not been made worse off either.

The court is familiar with the panoply of issues and pressures that have been involved from the very beginning of this case. The lawyers and other professionals seeking approval of their fees and expenses have done a good job and are entitled to be paid the amounts they ask for in full accordance with the statutory priorities set by Congress in the Bankruptcy Code. As expressed in the standards of the statute, the court has reviewed the Application and finds that the fees and expenses incurred represent reasonable

compensation for actual and necessary services rendered by Applicant in its role as Counsel to the Debtor and Debtor in Possession. 11 U.S.C. § 330. The court will therefore overrule the Chapmans' objection and grant the Application.

For good cause shown,

**IT IS ORDERED** that:

1. The Application is hereby granted in its entirety.

2. The fees and expenses for services rendered during the fourth interim time period from March 1, 2010 though September 16, 2010 in the total aggregate amount of $117,428.50, representing allowance of attorneys' fees of $109,640.50 and reimbursement of expenses of $7,788.06, are allowed and approved as administrative expenses of the Chapter 11 case.

3. All fees and expenses for services rendered on behalf of the Committee during the case in the aggregate amount of $1,253,856.60, representing $1,222,272.00 in fees and $31,584.60 in expenses, are hereby allowed on a final basis.

4. The Liquidating Trustee is authorized to pay immediately from the Trust Administration Funds the aggregate amount of $165,894.97, representing $165,394.40 in fees from the third ($113,894.40) and fourth ($51,500.00) interim application periods and $500.57 in expenses from the fourth interim application period, and to pay the remaining unpaid fees from the fourth interim application period in the amount of $58,140.50 at the discretion of the Liquidating Trustee in accordance with the terms of the Joint Plan along with other administrative expenses.

08-35508-maw    Doc 890    FILED 02/15/11    ENTERED 02/15/11 15:28:12    Page 3 of 3